05-MC-10315
UA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA, )
    Plaintiff, )
     )
v. ) Civil Case No. 3 05- 0518
     )
EQUITAS, LP. ) Order
     )
    Defendant. ) JUDGE TRAUGER
_____)

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

    1.    Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Equitas, LP ("Equitas") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Equitas ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Equitas's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

    2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, partners, managers, investment advisors and other agents of Equitas under applicable state and federal law, by the Certificate of Partnership and Partnership Agreement of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, general partners, employees, managers, investment advisors and agents of Equitas are hereby dismissed. Such persons shall have no authority with

1

respect to Equitas's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Equitas and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, trustees, general partners, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Equitas, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Equitas and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Equitas portfolio. The former President, General Partner and/or other agent of Equitas, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Equitas as well as the names, addresses and amounts of claims of all known creditors of Equitas. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Equitas are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, general partners, agents, employees, shareholders, creditors and debtors of Equitas, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Equitas, until further ordered by this Court, pay all such obligations in accordance with

the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Equitas had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Equitas, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Equitas's past and/or present officers, directors, partners, agents, accountants, managers, shareholders, employees, debtors and creditors of Equitas and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules

3

of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Equitas. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Equitas, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Equitas, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7.  The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Equitas or any assets of Equitas, including subsidiaries, partnerships and other business combinations of Equitas, wherever located, or involving Equitas, the Receiver, or any of Equitas's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8.  All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Equitas

4

or any assets of Equitas, including subsidiaries, partnerships and other business combinations of Equitas, wherever located, and excluding the instant proceeding, or involving Equitas, the Receiver, or any of Equitas's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of Equitas against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

10. Equitas and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Equitas to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of Equitas, from the SBA, up to $500,000 and is authorized to cause Equitas to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear

interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

12. Judgment is hereby entered in favor of Plaintiff, Untied States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Equitas, LP ("Equitas"), the principal sum of $6,691,986.00 in principal and accrued interest of $121,280.44 through June 30, 2005 with a *per diem* of $1,347.56 through the date of judgment and post judgment interest therefrom.

13. This Court determines and adjudicates that Equitas has violated the Act and the Regulations. A Receiver shall be appointed based on Equitas's consent.

SEEN AND AGREED BY EQUITAS, LP AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

*[signature]*

President
General Partner, Equitas, LP

*[signature]*

~~Gail G. Green~~ Arlene Embrey
~~Chief, Account Resolution Branch~~ Trial Attorney, Office of General Counsel
U.S. Small Business Administration

SO ORDERED, DATED this 9th day of August, 2005.

*[signature]*
UNITED STATES DISTRICT COURT JUDGE

7

FILED 03

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

2005 JUN 30 PM 4: 20

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 05mc-10315 UA |
| Plaintiff ) | |
| v. ) Civ. Action No. | 3 05- 0518 |
| EQUITAS, LP, ) | JUDGE TRAUGER |
| Defendant ) | |

## COMPLAINT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416. The defendant has stipulated and consented to the entry of the requested relief in this civil action.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345

3. Defendant, Equitas, LP (hereinafter "Equitas") is a Delaware limited partnership that maintains its principal office and/or principal place of business at 2000 Glen Echo Road, Suite 101, Nashville, Tennessee 37215. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

4. Equitas was licensed by SBA as a small business investment company ("SBIC" or "Licensee"), SBA License No. 04/04-0259, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Equitas's general partner is Tennessee Business Investments, Inc. whose principal place of business is located at 2000 Glen Echo Road, Suite 101, Nashville, Tennessee 37215.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

8. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any

2

Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee

9. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to Equitas through the purchase of the following debentures totaling $7,900,000:

| Loan Number | Amount | Maturity Date | Interest Rate |
| --- | --- | --- | --- |
| 04636800-01 | $2,000,000 | 09/01/04 | 8.20% |
| 04638351-09 | $2,900,000 | 12/01/05 | 6.54% |
| 04651451-07 | $3,000,000 | 03/01/08 | 7.32% |

(hereinafter referred to collectively as the "Debentures")

10. In May, 2001, Equitas was placed into liquidation status as a consequence of its regulatory violation of failing to maintain an acceptable capital impairment percentage, as that term is defined in the Regulations at 13 C.F.R. §1830 (2001)

11. By Loan Agreement dated May 8, 2002, SBA and Equitas agreed to restructure the Debentures.

12. In consideration for the restructuring, Equitas executed a Secured Note in the principal amount of $7,375,116.38, carrying an interest rate of 7.35% (hereinafter "the Indebtedness") The Note provides that Equitas must pay principal and interest on the Indebtedness pursuant to the Loan Agreement.

3

13. As further consideration for the restructuring, Equitas executed a consent order and judgment which provides, among other things, for the appointment of SBA as the permanent, liquidating receiver of Equitas

14. Pursuant to Paragraph 3 of the Loan Agreement, the Indebtedness has a term of thirty six months from May 8, 2002. Therefore, the Indebtedness matured and was due in full on May 8, 2005

15. Equitas has failed to pay the full amount of the Indebtedness in the time required under the Loan Agreement and Secured Note. As of June 6, 2005, there remains an outstanding balance of $6,780,926.00 due on the Indebtedness

## COUNT ONE
## BREACH OF PROMISSORY NOTE

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 15 as though fully set forth herein

17. By executing the Loan Agreement and Secured Note, Equitas promised to pay SBA the total amount of the Indebtedness, comprised of $7,375,116.38, plus interest, on or before May 8, 2005

18. As of June 6, 2005, there remains an outstanding balance of $6,780,926.00 on the Indebtedness, inclusive of principal and interest, due SBA from Equitas.

19. To date, Equitas has failed to pay SBA the full amount due under the Indebtedness and is in default of the Loan Agreement and Secured Note, which has now matured

20. As a consequence of Equitas's failure to pay the Indebtedness when due an din accordance with the Loan Agreement and Secured Note, SBA has suffered, and

4

continues to suffer, damages in the amount of $6,691,986.00 in principal and accrued interest of $121,280.44 through June 30, 2005 with a *per diem* interest of $1,347.56.

**WHEREFORE**, Plaintiff prays as follows:

A. That this Court approve and enter the Consent Order filed simultaneously herewith;

B. That injunctive relief, both preliminary and permanent in nature, be granted restraining Equitas, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Equitas's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Equitas, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder.

C. That this Court take exclusive jurisdiction of Equitas, and all of its assets, wherever located, appoint SBA as permanent receiver of Equitas for the purpose of liquidating all of Equitas's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Equitas, as appropriate.

D. That this Court enter judgment against Equitas and in favor of SBA in the amount of $6,691,986.00 in principal and accrued interest of $121,280.44 through June 30, 2005 with a *per diem* interest of $1347.56 through the date of judgment and post judgment interest therefrom.

E. That this Court order that Equitas's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

5

F That this Court grant such other and further relief as may be deemed just and proper.

            Respectfully submitted,

            JAMES K. VINES
            UNITED STATES ATTORNEY

Dated: 6/30/05

            MICHAEL L. RODEN
            Deputy Chief, Civil Division
            United States Attorney's Office
            110 9th Avenue North
            Suite A-961
            Nashville, TN 37203
            (615) 736-5151

Dated: 6/30/05

            ARLENE M. EMBREY, Esq., by MLR with permission
            Trial Attorney
            U.S. Small Business Administration
            409 3rd Street, SW
            7th Floor
            Washington, D.C. 20416
            (202) 205-6976

TOM



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR EQUITAS, L.P.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514                FAX NUMBER: (202) 205-6957

August 18, 2005

Mr. Tony Anastas, Clerk of the Court                     VIA UPS 2ND DAY DELIVERY
U.S. District Court, District of Massachusetts
2300 John Joseph Moakley United States Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re:   United States of America v. Equitas, L.P.
      Civil Case No. 3 05-0518; Judge Trauger

Dear Mr. Tony Anastas:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Middle District of Tennessee, has taken exclusive jurisdiction of Equitas, L.P., ("Equitas"), and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Equitas may be located in your jurisdiction. We therefore are enclosing for filing copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Equitas, stayed all legal proceedings involving Equitas and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Equitas are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp filed and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation